## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEWIS D. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| TENGASCO, INC., PETER E. SALAS, | ) | |
| MATTHEW K. BEHRENT, RICHARD | ) | |
| THON, ANTMAN SUB, LLC, and RILEY | ) | |
| EXPLORATION – PERMIAN, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      On October 21, 2020, Tengasco, Inc.'s ("Tengasco" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused Tengasco to enter into an agreement and plan of merger (the "Merger Agreement") with Antman Sub, LLC ("Merger Sub") and Riley Exploration – Permian, LLC ("Riley" or "REP").

2.      Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Riley, with Riley surviving as a wholly-owned subsidiary of Tengasco; and (ii) Tengasco will issue 97.796467 shares of Tengasco common stock to each holder of common units of Riley (the "Proposed Transaction").

3.      On November 12, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Tengasco common stock.

9.      Defendant Tengasco is a Delaware corporation and maintains its principal executive offices at 8000 E. Maplewood Avenue, Suite 130, Greenwood Village, Colorado 80111. Tengasco's common stock is traded on the New York Stock Exchange American under the ticker

symbol "TGC."

10.     Defendant Peter E. Salas is Chairman of the Board of the Company.

11.     Defendant Matthew K. Behrent is a director of the Company.

12.     Defendant Richard Thon is a director of the Company.

13.     The defendants identified in paragraphs 10 through 12 are collectively referred to herein as the "Individual Defendants."

14.     Defendant Merger Sub is a Delaware limited liability company, a wholly-owned subsidiary of Tengasco, and a party to the Merger Agreement.

15.     Defendant Riley is a Delaware limited liability company and party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Proposed Transaction*

16.     On October 21, 2020, Tengasco's Board caused the Company to enter into the Merger Agreement with Merger Sub and Riley.

17.     Pursuant to the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Riley, with Riley surviving as a wholly-owned subsidiary of Tengasco; and (ii) Tengasco will issue 97.796467 shares of Tengasco common stock to each holder of common units of Riley.

18.     According to the press release announcing the Proposed Transaction:

Tengasco Inc. (NYSE American: TGC) ("Tengasco") and Riley Exploration – Permian, LLC ("Riley") announced today that they have entered into a definitive merger agreement in an all-stock transaction. Under the terms of the merger agreement, Tengasco will issue approximately 203 million shares of Tengasco common stock to Riley members at the closing of the transaction.  Following the closing of the transaction, the current members of Riley will own 95% of Tengasco and the current Tengasco stockholders will own the remaining 5%. In addition, Riley will become a wholly owned subsidiary of Tengasco. . . .

Timing and Approvals

The transaction is expected to close during the first quarter of 2021, and it is subject to customary closing conditions and regulatory approvals, including the approval of Tengasco stockholders and Riley members.

Advisors

ROTH Capital Partners acted as exclusive financial advisor to Tengasco, Inc. and Davis Graham & Stubbs LLP is serving as legal advisor to Tengasco.

Truist Securities acted as exclusive financial advisor to Riley Exploration – Permian, and DiSanto Law and Thompson & Knight LLP are serving as legal advisors to Riley.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

19.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

20.     As set forth below, the Registration Statement omits material information.

21.     First, the Registration Statement omits Tengasco's, REP's, and the combined company's financial projections.

22.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

23.     Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Roth Capital Partners, LLC ("Roth").

24.     With respect to Roth's Comparable Company Analyses, the Registration Statement fails to disclose the individual multiples and metrics for the companies observed in the analyses.

25.     With respect to Roth's Comparable Transaction Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

26.     With respect to Roth's Net Asset Value Analysis, the Registration Statement fails to disclose: (i) the pre-tax future cash flows used in the analysis; (ii) the cash flows generated by estimated proved reserves used in the analysis; (iii) undeveloped acreage value; (iv) net working capital; (v) net current asset retirement obligations; (vi) total debt outstanding; and (vii) the individual inputs and assumptions underlying the discount rates of 9%, 10%, and 15%.

27.     When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

28.     Third, the Registration Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions.

29.     Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

30.     Fourth, the Registration Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, including who participated in all such communications.

31.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that

information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

32.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

33.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's shareholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Tengasco

34.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

35.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Tengasco is liable as the issuer of these statements.

36.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

37.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate

disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

39.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

40.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

41.     Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Riley

42.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

43.     The Individual Defendants and Riley acted as controlling persons of Tengasco within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Tengasco and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44.     Each of the Individual Defendants and Riley was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.    The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved in the making of the Registration Statement.

46.    Riley also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

47.    By virtue of the foregoing, the Individual Defendants and Riley violated Section 20(a) of the 1934 Act.

48.    As set forth above, the Individual Defendants and Riley had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.    Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 10, 2020                     **RIGRODSKY & LONG, P.A.**

                                   By:   */s/ Gina M. Serra*
                                          Seth D. Rigrodsky (#3147)
                                          Brian D. Long (#4347)
                                          Gina M. Serra (#5387)
                                          300 Delaware Avenue, Suite 210
                                          Wilmington, DE 19801
                                          Telephone: (302) 295-5310
                                          Facsimile: (302) 654-7530
                                          Email: sdr@rl-legal.com
                                          Email: bdl@rl-legal.com
                                          Email: gms@rl-legal.com

                                          *Attorneys for Plaintiff*